# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LGBTQ PRISONERS, | CASE NO. 1:08-cv-01588-DLB PC |
| Plaintiff, | ORDER STRIKING COMPLAINT |
| v. | (Doc. 1) |
| YATES, et al., | ORDER REQUIRING PLAINTIFF TO FILE SIGNED AMENDED COMPLAINT WITHIN 30 DAYS |
| Defendants. | |

_____/

This is a civil action filed by Plaintiff, a state prisoner proceeding pro se. Plaintiff filed the complaint on April 15, 2008, in Fresno County Superior Court. Plaintiff's complaint was removed to district court on October 21, 2008.

Plaintiff's complaint is unsigned and the Court shall strike Plaintiff's complaint. Fed. R. Civ. P. 11(a); Local Rule 7-131(b). Plaintiff's complaint also appears to be missing several pages. The Clerk's Office shall return a copy of the complaint to Plaintiff for signing. Plaintiff will have 30 days from service of this order to file the signed complaint or file an amended complaint.

The Court has undertaken a cursory review of Plaintiff's filings with the Court. With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this

1

action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff requests to use a fictitious name in the caption of the complaint. Rule 10(a) of the Federal Rules of Civil Procedure provides: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." The Federal Rules of Civil Procedure thus encourage openness of judicial proceedings. "[U]se of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint include names of all the parties." Doe v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotations omitted). In the Ninth Circuit, the use of pseudonyms by parties is for the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. Id. at 1067-68 (internal quotations and citation omitted). District courts should determine the need for anonymity based on several factors: 1) severity of threatened harm; 2) reasonableness of the anonymous party's fears; and 3) the anonymous party's vulnerability to such retaliation. Id. at 1068 (internal citation omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Id. "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. The public has a right to know who is using its courts. United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008).

The Court will not consider Plaintiff's previously filed motions. If Plaintiff seeks to proceed using a fictitious name, Plaintiff may file a motion in conjunction with Plaintiff's complaint. The motion should be supported with evidence demonstrating good cause. Plaintiff should note that a fictitious name which denotes multiple plaintiffs will not be granted by this Court because of the confusion it creates. A fictitious name indicating only one party, such as "J. Doe," would be appropriate for a single plaintiff.

In conclusion, Plaintiff's complaint is HEREBY STRICKEN. The Clerk's Office shall

send to Plaintiff a civil rights complaint form and a copy of Plaintiff's unsigned complaint. Plaintiff shall file a signed and complete complaint within **thirty (30)** days of service of this order.

Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **March 18, 2009**       /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE