# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM INSCOE, | CASE NO. 1:08-cv-01588-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CHANGE CAPTION OF THE CASE |
| v. | (Doc. 22) |
| YATES, et al., | ORDER REQUIRING PLAINTIFF TO EITHER FILE A SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| Defendants. | |
| | (Doc. 21) |
| / | RESPONSE DUE WITHIN 30 DAYS |

**I.    Screening Order**

Plaintiff William Inscoe ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on April 15, 2008, in Fresno County Superior Court. Plaintiff's complaint was removed to district court on October 21, 2008. (Doc. 1.) The Court struck Plaintiff's original complaint as unsigned. (Doc. 20.) On April 6, 2009, Plaintiff filed a signed amended complaint. (Doc. 21.) Plaintiff's complaint is presently before the Court for screening.

On April 7, 2009, Plaintiff filed a motion entitled "To Assist The Court in Being Consistent with It's Sister Court and Prevent This Magistrate From Creating Chaos And Controversy." (Doc. 22.) Plaintiff contends that this Court should allow Plaintiff to proceed using a fictitious name. Plaintiff attaches a decision by this Court in another case, J. Doe v. Schwarzenegger, et al., Case No. 1:08-cv-01219-LJO-DLB, as support for Plaintiff's request.

1

Plaintiff however does not present the same concerns as J. Doe did in J. Doe's request.  The Court will not issue a ruling in Plaintiff's favor solely because the Court issued a favorable ruling in a completely separate case for a completely different plaintiff.  Plaintiff presents no arguments or evidence that would demonstrate good cause for Plaintiff to proceed using a fictitious name.[1]  Accordingly, Plaintiff's motion to change the caption of this case is DENIED.  If at a later point in the proceedings, the need for Plaintiff to proceed using a fictitious name arises, Plaintiff may file another motion presenting Plaintiff's evidence and arguments in support thereof.

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

---

[1] Plaintiff uses Plaintiff's name in the heading of every one of Plaintiff's filings, which does not seem to indicate a pressing need by Plaintiff to proceed with a different caption.  The Court also notes that using another plaintiff's real name when that plaintiff is proceeding fictitiously undermines the purpose of proceeding with a fictitious name.

2

supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

### B.  Summary of Plaintiff's Complaint

Plaintiff is currently a state prisoner at California Medical Facility in Vacaville, California. Plaintiff was formerly housed at Pleasant Valley State Prison ("PVSP") where the acts he complains of occurred. Plaintiff names the following defendants: Lieutenant Hoyt, C/O Langley and Martinez, R.N. Reagan, and Does 1 through 10.[2]

Plaintiff alleges the following. Plaintiff is a male to female transgender inmate.[3] (Doc. 21, Pl.'s First Am. Compl. ¶ 3.) On or about January 14, 2008, Plaintiff was in her cell 112 when two inmates, Dizzy and Jeff Malone, entered Plaintiff's cell and raped Plaintiff. (Pl.'s First Am. Compl. ¶ 14.) Defendant Langley was in the control tower and opened Plaintiff's cell door while the two inmates entered the cell, beat Plaintiff until she was on the ground, and raped her against her will. (Pl.'s First Am. Compl. ¶¶ 16-17.) After they had finished raping her, they exited the cell and defendant Langley then closed the door via the control tower. (Pl.'s First Am. Compl. ¶ 17.) Plaintiff informed defendant Reagan during the afternoon med pass of the rape. (Pl.'s First Am. Compl. ¶ 18.) Reagan informed Plaintiff to go contact the C/O because Reagan did not believe Plaintiff. (Pl.'s First Am. Compl. ¶ 18.) Plaintiff went to the office and reported the rape to defendant Martinez, who promised to contact the sergeant, but no sergeant came. (Pl.'s First Am. Compl. ¶ 19.) Plaintiff was bleeding profusely from her rectum and her body was swollen. (Pl.'s First Am. Compl. ¶ 20.) The next day, Plaintiff was seen by a mental health provider. (Pl.'s First Am. Compl. ¶ 21.) She informed the mental health provider of the rape, and the provider promised to contact defendant Lieutenant Hoyt. (Pl.'s First Am. Compl. ¶ 21.) Plaintiff wrote a CDC 602 appeal. (Pl.'s First Am. Compl. ¶ 23.) Defendant Hoyt then told Plaintiff that

---

[2] Defendants James A. Yates and C. Hudson-Huckabay both appeared before this Court in their motion to remove Plaintiff's complaint and are thus defendants in this action.

[3] Plaintiff uses the feminine pronoun for self-identification, which the Court will use here.

if it happens again to let him know, but there was nothing he could do. (Pl.'s First Am. Compl. ¶ 23.)

On or about February 6, 2008, Plaintiff was moved to cell 130, which is under the stairs and is considered a blind spot. (Pl.'s First Am. Compl. ¶ 24.) As Plaintiff was carting her property to the new cell, inmate Jeff Malone was waiting for her there. (Pl.'s First Am. Compl. ¶ 25.) He hit her in the face and side of the head and told Plaintiff that if she did not "suck his dick" he would "beat her ass." (Pl.'s First Am. Compl. ¶ 25.) Plaintiff complied. (Pl.'s First Am. Compl. ¶ 25.) Plaintiff later informed a C/O of what just occurred, who then told the Plaintiff that she probably wanted to do it anyway. (Pl.'s First Am. Compl. ¶ 26.) Plaintiff then waited until the next day, and, accompanied by another transgender inmate, went to the program office to speak with defendant Hoyt about the rape. (Pl.'s First Am. Compl. ¶ 26.) Hoyt then ordered Plaintiff moved from building C-2 to Building C-5, cell 120. (Pl.'s First Am. Compl. ¶ 26.) Plaintiff contracted HIV/AIDS because of the rape. (Pl.'s First Am. Compl. ¶ 29.)

Plaintiff seeks monetary damages, declaratory and injunctive relief.

**C.    Plaintiff's Claims**

   **1.    *Conditions of Confinement - Failure to Protect***

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

"sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff alleges that defendant Langley knew of and disregarded an excessive risk to Plaintiff's safety and health when he opened Plaintiff's cell door to allow two inmates to enter and rape her. Plaintiff states a cognizable claim against defendant Langley for failure to protect in violation of the Eighth Amendment.

Plaintiff alleges that she informed defendant Reagan of the rape, who then stated "yeah right, you've been in your cell all day, go tell the C/O." This is sufficient to state a cognizable claim against defendant Reagan for deliberate indifference in violation of the Eighth Amendment.

Plaintiff also alleges that she informed defendant Martinez of the rape, who told Plaintiff to return to her cell and that he would contact a sergeant, but nothing happened. This is sufficient to state a cognizable claim against defendant Martinez for deliberate indifference in violation of the Eighth Amendment.

Plaintiff alleges that she later told defendant Hoyt of the rape. Plaintiff alleges that defendant Hoyt told Plaintiff to tell him if something like this happens again, but that there was nothing he could do. Plaintiff alleges that she was sexually assaulted again later. Plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment claim for deliberate indifference against defendant Lieutenant Hoyt.

### 2. *Prison Rape Elimination Act*

Plaintiff alleges a violation of the Prison Rape Elimination Act of 2003. 42 U.S.C. § 15601, *et seq*. Nothing in the Act suggests that it created a private right of action. See Blessing v. Freestone, 520 U.S. 329,340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously imposed a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Plaintiff thus fails to state a § 1983 claim for an alleged violation of the Prison Rape Elimination Act.

### 3. *Defendants Yates and Hudson-Huckabay*

Defendants Yates and Hudson-Huckabay, as the parties that removed Plaintiff's complaint from state court to the Eastern District, have thus appeared before this Court. Plaintiff does not make any claims against either of these defendants. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff's first amended complaint makes no allegations against either defendant, and does not name defendants Yates and Hudson-Huckabay anywhere in the complaint. Plaintiff thus does not state a claim against Yates or Hudson-Huckabay. Plaintiff will be granted leave to amend her complaint.

## II. Conclusion and Order

Plaintiff has stated a cognizable claim against defendants Langley, Reagan, Martinez, and Hoyt for violation of the Eighth Amendment. Plaintiff states no other cognizable claims. The Court grants Plaintiff leave to file a second amended complaint within thirty days.

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against defendants Langley, Reagan, Martinez, and Hoyt, Plaintiff may so notify the Court in writing. The Court will then issue an order dismissing defendants Yates and Hudson-Huckabay from this action and will issue a service order with four (4) summonses.

If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.     File a second amended complaint curing the deficiencies identified by the Court in this order, or

    b.     Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order;  and

3.     If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   September 18, 2009              /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE