# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

WILLIAM INSCOE,

               Plaintiff,

  v.

JAMES A. YATES, et al.,

               Defendants.

_____/

CASE NO. 1:08-cv-001588 DLB PC

ORDER DISMISSING CERTAIN CLAIMS
AND DEFENDANTS

(Doc. 21)

**Order Following Screening of First Amended Complaint**

**I.   Procedural History**

     Plaintiff William Inscoe ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 18, 2009, the Court issued an order finding that Plaintiff's amended complaint states cognizable claims against Defendants Langley, Reagan, Martinez and Hoyt for violation of the Eighth Amendment, but does not state any other cognizable claims, or any claims against Defendants Yates and Hudson-Huckabay.  The Court ordered Plaintiff to either file a second amended complaint or notify the Court of her willingness to proceed only on the claims found to be cognizable.[1]  On October 20, 2009, Plaintiff notified the Court that she does not wish to amend and is willing to proceed on the claims found cognizable.  Based on Plaintiff's notice, this order now issues.

---

[1] Plaintiff uses the feminine pronoun for self-identification, which the Court will use here.

1

1    II.    **Screening Requirement**

2    The Court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11    exceptions," none of which applies to § 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506,

12    512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain

13    statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such

14    a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15    grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

16    standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

17    n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

18    of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

19    (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

20    A.    **Summary of Plaintiff's Complaint**

21    Plaintiff is currently a state prisoner at California Medical Facility in Vacaville, California.

22    Plaintiff was formerly housed at Pleasant Valley State Prison ("PVSP") where the acts she complains

23    of occurred.  Plaintiff names the following defendants: Lieutenant Hoyt, C/O Langley and Martinez,

24    R.N. Reagan, and Does 1 through 10.[2]

25    Plaintiff alleges the following.  Plaintiff is a male to female transgendered inmate.  (Doc. 21,

26    Pl.'s First Am. Compl.¶ 3.)  On or about January 14, 2008, Plaintiff was in her cell 112 when two

27

28    [2] Defendants James A. Yates and C. Hudson-Huckabay both appeared before this Court in their motion to remove Plaintiff's complaint and are thus defendants in this action.

1    inmates, Dizzy and Jeff Malone, entered Plaintiff's cell and raped Plaintiff. (Pl.'s First Am. Compl.

2    ¶ 14.)  Defendant Langley was in the control tower and opened Plaintiff's cell door while the two

3    inmates entered the cell, beat Plaintiff until she was on the ground, and raped her against her will.

4    (Pl.'s First Am. Compl. ¶¶ 16-17.)  After they had finished raping her, they exited the cell and

5    defendant Langley then closed the door via the control tower.  (Pl.'s First Am. Compl. ¶ 17.)

6    Plaintiff informed defendant Reagan during the afternoon med pass of the rape.  (Pl.'s First Am.

7    Compl. ¶ 18.)  Reagan informed Plaintiff to go contact the C/O because Reagan did not believe

8    Plaintiff.  (Pl.'s First Am. Compl. ¶ 18.)  Plaintiff went to the office and reported the rape to

9    defendant Martinez, who promised to contact the sergeant, but no sergeant came.  (Pl.'s First Am.

10   Compl. ¶ 19.)  Plaintiff was bleeding profusely from her rectum and her body was swollen.  (Pl.'s

11   First Am. Compl. ¶ 20.)  The next day, Plaintiff was seen by a mental health provider.  (Pl.'s First

12   Am. Compl. ¶ 21.)  She informed the mental health provider of the rape, and the provider promised

13   to contact defendant Lieutenant Hoyt. (Pl.'s First Am. Compl. ¶ 21.)  Plaintiff wrote a CDC 602

14   appeal. (Pl.'s First Am. Compl. ¶ 23.)  Defendant Hoyt then told Plaintiff that if it happens again

15   to let him know, but there was nothing he could do.  (Pl.'s First Am. Compl. ¶ 23.)

16          On or about February 6, 2008, Plaintiff was moved to cell 130, which is under the stairs and

17   is considered a blind spot. (Pl.'s First Am. Compl. ¶ 24.)  As Plaintiff was carting her property to

18   the new cell, inmate Jeff Malone was waiting for her there.  (Pl.'s First Am. Compl. ¶ 25.)  He hit

19   her in the face and side of the head and told Plaintiff that if she did not "suck his dick" he would

20   "beat her ass." (Pl.'s First Am. Compl.  ¶ 25.)  Plaintiff complied.  (Pl.'s First Am. Compl. ¶ 25.)

21   Plaintiff later informed a C/O of what just occurred, who then told the Plaintiff that she probably

22   wanted to do it anyway. (Pl.'s First Am. Compl. ¶ 26.)  Plaintiff then waited until the next day, and,

23   accompanied by another transgender inmate, went to the program office to speak with defendant

24   Hoyt about the rape.  (Pl.'s First Am. Compl. ¶ 26.)  Hoyt then ordered Plaintiff moved from

25   building C-2 to Building C-5, cell 120.  (Pl.'s First Am. Compl. ¶ 26.)  Plaintiff contracted

26   HIV/AIDS because of the rape. (Pl.'s First Am. Compl. ¶ 29.)

27          Plaintiff seeks monetary damages, declaratory and injunctive relief.

28   ///

1      **B.      Plaintiff's Claims**

2            **1.      *Conditions of Confinement - Failure to Protect***

3            To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4      conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,

5      452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

6      must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

7      Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

8      1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from

9      physical abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833

10     (1994).  To establish a violation of this duty, the prisoner must establish that prison officials were

11     deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  Farmer, 511 U.S.

12     at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the

13     alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing

14     Wilson v. Seiter, 501 U.S. 294, 298 (1991)).   Second, the prison official must "know[] of and

15     disregard[] an excessive risk to inmate health or safety." Id. at 837.

16           Plaintiff alleges that defendant Langley knew of and disregarded an excessive risk to

17     Plaintiff's safety and health when he opened Plaintiff's cell door to allow two inmates to enter and

18     rape her.  Plaintiff states a cognizable claim against defendant Langley for failure to protect in

19     violation of the Eighth Amendment.

20           Plaintiff alleges that she informed defendant Reagan of the rape, who then stated "yeah right,

21     you've been in your cell all day, go tell the C/O."  This is sufficient to state a cognizable claim

22     against defendant Reagan for deliberate indifference in violation of the Eighth Amendment.

23           Plaintiff also alleges that she informed defendant Martinez of the rape, who told Plaintiff to

24     return to her cell and that he would contact a sergeant, but nothing happened.  This is sufficient to

25     state a cognizable claim against defendant Martinez for deliberate indifference in violation of the

26     Eighth Amendment.

27           Plaintiff alleges that she later told defendant Hoyt of the rape.  Plaintiff alleges that defendant

28     Hoyt told Plaintiff to tell him if something like this happens again, but that there was nothing he

4

could do.  Plaintiff alleges that she was sexually assaulted again later.  Plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment claim for deliberate indifference against defendant Lieutenant Hoyt.

### 2.   *Prison Rape Elimination Act*

Plaintiff alleges a violation of the Prison Rape Elimination Act of 2003.  42 U.S.C. § 15601, *et seq.*  Nothing in the Act suggests that it created a private right of action.  See Blessing v. Freestone, 520 U.S. 329,340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously imposed a binding obligation on the States" by using "mandatory, rather than precatory, terms").  Plaintiff thus fails to state a § 1983 claim for an alleged violation of the Prison Rape Elimination Act.

### 3.   *Defendants Yates and Hudson-Huckabay*

Defendants Yates and Hudson-Huckabay, as the parties that removed Plaintiff's complaint from state court to the Eastern District,  have thus appeared before this Court.  Plaintiff does not make any claims against either of these defendants.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff's first amended complaint makes no allegations against either defendant, and does not name defendants Yates and Hudson-Huckabay anywhere in the complaint.  Plaintiff thus does not state a claim against Yates or Hudson-Huckabay.

## III.   Conclusion and Order

Plaintiff has stated a cognizable claim against Defendants Langley, Reagan, Martinez, and Hoyt for violation of the Eighth Amendment.  Plaintiff states no other cognizable claims. Plaintiff was provided with the opportunity to either amend or proceed only on her cognizable claims, and has opted to proceed on the cognizable claims.  Accordingly, it is HEREBY ORDERED that:

1.   This action shall proceed on Plaintiff's amended complaint, filed April 6, 2009, against Defendants Langley, Reagan, Martinez and Hoyt for violation of the Eighth Amendment; and

3.   Defendants Yates and Hudson-Huckabay are dismissed based on Plaintiff's failure

to state any claims against them.


IT IS SO ORDERED.

**Dated:**   **October 27, 2009**                         **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE