# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM INSCOE, | CASE NO. 1:08-cv-01588-DLB PC |
| Plaintiff, | ORDER DENYING REQUEST FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL WITHOUT PREJUDICE |
| v. | |
| SCHWARZENEGGER, et al., | (Doc. 32) |
| Defendants. | |

Plaintiff William Inscoe ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's request, filed on December 7, 2009, for service of process by the United States Marshal. Plaintiff attests that Plaintiff twice mailed all four summonses to the defendants at Pleasant Valley State Prison by attempting to use certified mail. Both times, the mailroom of California Medical Facility, where Plaintiff is currently incarcerated, rejected the letters and returned them because Plaintiff had insufficient funds to send the documents via certified mail. Plaintiff further attests that inmates without sufficient funds may only send mail via first class. Plaintiff seeks the United States Marshal's assistance without prepayment of costs.

Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected; (2) by delivering a copy of summons and complaint to defendant personally; (3) by leaving copies at defendant's "dwelling house or

1

usual place of abode with some person of suitable age and discretion then residing therein"; or (4) by delivering summons and complaint to an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).  It is unclear to the Court why certified mail was necessary for Plaintiff to effect service.  Certified mail is not specifically enumerated as a means for service under the Federal Rules.  It has been the experience of this Court that prisoner litigants typically serve correctional staff defendants by effecting service on an agent authorized by appointment or law to receive service of process.  The need for certified mail to the agent appears unnecessary, if regular mail would suffice.

Based on the foregoing reasons, Plaintiff has failed to demonstrate good cause at this time for the United States Marshal to effect service of process on behalf of Plaintiff.  Plaintiff's motion, filed December 7, 2009, is HEREBY ORDERED denied, without prejudice.

IT IS SO ORDERED.

**Dated:    December 23, 2009**              **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE